IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TASHA MONIQUE LEE JONES,

           Plaintiff

VS.

TOM CHAPMAN, *et al.*,

           Defendants

NO. 5:07-CV-116 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Before the court is the defendants' MOTION TO DISMISS the above-styled §1983 action. Tab #15. The defendants' motion alleges, *inter alia*, that plaintiff Jones — an inmate in the custody of the Georgia Department of Corrections — did not exhaust the administrative remedies available to her before filing this federal civil rights suit as required by the Prison Litigation Reform Act of 1995 (PLRA).[1] Plaintiff Jones has responded to the defendants' motion, and the defendants have replied to her response. Tab #19 and #21.

The evidence before the court shows that the plaintiff filed this federal case on March 30, 2007, but that her administrative appeal was not denied until April 4, 2007. Tab #19-4. Because the PLRA is very specific in its language that "[n]o action shall be **brought**" until administrative remedies have been exhausted, the instant action — which was brought five days before the administrative process had run its course — must be DISMISSED.

---

[1] *No action shall be **brought** with respect to prison conditions under 1983 of this title, or any other Federal law by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.*
42 U.S.C. §1997e(a) (emphasis added).

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #15) be **GRANTED** and that this case be DISMISSED *without prejudice*.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 7th day of NOVEMBER, 2007.[3]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] All dismissals for failure to exhaust remedies must be without prejudice.

[3] In light of this Recommendation to dismiss, the court need not consider the plaintiff's Motion to Compel Equal Access to the Court. Tab #10. Accordingly, the same is **DENIED** as MOOT.